JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-7653-RGK (AGRx)** | Date | December 3, 2013 |
|---|---|---|---|
| Title | ***VITALE, et al v. MEDTRONIC, INC., et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Remand, Order re: Defendants' Motion to Drop and Dismiss (DE 15); Defendants' Motion to Dismiss (DE 17)

On October 16, 2013, Defendants Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc. ("Medtronic SDU") (collectively, "Medtronic Defendants") removed this action from the Superior Court of Los Angeles County to the United States District Court, Central District of California on the basis of diversity of citizenship.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Federal jurisdiction based on diversity of citizenship requires that all parties to the action are completely diverse in citizenship, and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Additionally, a defendant may not remove a case to federal court on the basis of diversity jurisdiction if any properly joined defendant is a citizen of the state in which it was sued. 28 U.S.C. § 1441(b)(2). In removal cases, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

Plaintiff Tammy James is a citizen of Tennessee. (Compl. at 4.) Medtronic SDU is a Tennessee corporation, with its principal place of business in Tennessee. (Compl. at 5.) Accordingly, complete diversity does not exist on the face of the complaint, as both Tammy James and Medtronic SDU are Tennessee citizens.

Despite the presence of non-diverse parties, Medtronic Defendants base their removal on the fraudulent joinder of Plaintiff Tammy James. Although fraudulent joinder of defendants is a well-established exception to the complete diversity rule, the doctrine of fraudulent joinder of plaintiffs is a recent, and unsettled concept.

As articulated by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, the concept of fraudulent joinder as applied to plaintiffs purportedly occurs when there is "no real connection" between plaintiffs' claims such that joinder is "so egregious as to constitute fraudulent joinder." 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In the case of fraudulent joinder, the Eleventh Circuit has held that the fraudulently joined parties should be severed, and diversity of citizenship satisfied. *Id.* Although the Ninth Circuit acknowledged the concept, it has not yet adopted the doctrine. *Cal. Dump Truck Owners Ass'n v. Cummins Engine Co. Inc.*, 24 Fed. App'x 727, 729 (9th Cir. 2001).

Even if the Court applied this doctrine, Medtronic Defendants have not met their heavy burden of demonstrating that removal was proper. It is well-established that the removal statutes are strictly construed against removal, and any doubt must be resolved in favor of remand. *See, e.g.*, *Gaus*, 980 F.2d at 566. Medtronic Defendants have not proven that the joinder of Tammy James was so improper as to be considered egregious, such that her presence should be ignored and exercise of jurisdiction is warranted. Moreover, since plaintiffs' claims are state law claims, the state court is in a better position to determine whether there is a sufficient nexus between Tammy James' and the other plaintiffs' claims. *See Dump Truck*, 24 Fed. App'x at 730.

For the foregoing reasons, the Court, sua sponte, orders this action **REMANDED** to state court for all further proceedings for lack of subject matter jurisdiction. In light of this ruling, Defendants' Motion to Drop and Dismiss (DE 15) and Defendants' Motion to Dismiss (DE 17) are hereby **denied as moot**.

**IT IS SO ORDERED.**

                                                                                         :

Initials of Preparer